UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                :
                                        :    CONSENT PRELIMINARY ORDER
      - v. -                            :    OF FORFEITURE/
                                        :    MONEY JUDGMENT
BRANDON NIEVES,                         :
    a/k/a "Untouchable Dot,"            :    S6 20 Cr. 626 (PMH)
                                        :
            Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 8, 2021, BRANDON NIEVES, a/k/a "Untouchable Dot," (the "Defendant"), among others, was charged in three counts of a twenty-five-count Superseding Indictment, S6 20 Cr. 626 (PMH) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) and 1963 (Count One); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Sixteen); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Seventeen);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to of Title 18, United States Code, Section 1963, any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described in the Indictment which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained directly and indirectly, from the racketeering activity alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the

COURT'S
EXHIBIT NO. 82
IDENTIFICATION/EVIDENCE
DKT.# 20 cr 626
DATE: 4/25/22

commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment also included a forfeiture allegation as to Count Sixteen of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Sixteen of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Sixteen of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to offense charged in Count Sixteen of the Indictment that the Defendant personally obtained;

WHEREAS, on or about November 18, 2021 the Defendant pled guilty to Counts One and Sixteen of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Sixteen of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963 and Title 21, United States Code, Section 853, a sum of money equal to $50,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Sixteen of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $50,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Sixteen of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Sixteen of the

Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Courtney Heavey, Shiva L. Logarajah, and David R. Felton, of counsel, and the Defendant, and his counsel, Daniel A. Hochheiser, that:

1. As a result of the offenses charged in Counts One and Sixteen of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $50,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Sixteen of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, BRANDON NIEVES, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    4/25/22
COURTNEY L. HEAVEY                      DATE
SHIVA H. LOGARAJAH
DAVID R. FELTON
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(914) 993-1927/1918/1908


BRANDON NIEVES

By: _____    4/25/2022
BRANDON NIEVES                          DATE

By: _____    4-25-2022
DANIEL A. HOCHHEISER, ESQ.              DATE
Attorney for Defendant
2 Overhill Road, Suite 400
Scarsdale, NY 10583


SO ORDERED:

_____         4/25/22
HONORABLE PHILIP M. HALPERN             DATE
UNITED STATES DISTRICT JUDGE